```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                        Civil Action No. 2:11-0259

**0.39 ACRE OF LAND, MORE OR LESS,**
**SITUATE IN LOGAN COUNTY, STATE OF WEST VIRGINIA,**
**AND SHOLAND PROPERTIES GROUP 3, LLC,**
formerly known as SHONEY'S PROPERTIES
GROUP 3, LLC, and SHOREST 1451, LLC,

      **Defendants.**


<u>MEMORANDUM OPINION AND ORDER</u>


Pending is the motion to disburse funds on deposit with the court filed December 5, 2013, by Sholand Properties Group 3, LLC ("Sholand").


I.


On November 17, 1986, Congress enacted the "Water Resources Development Act of 1986 [(the Act)]." Pub. L. No. 99-662, 100 Stat 4082. Section 401 of the Act states in pertinent part as follows:

> (a) AUTHORIZATION OF CONSTRUCTION. — The following
> works of improvement for the control of destructive
> floodwaters are adopted and authorized to be
> prosecuted by the Secretary substantially in
> accordance with the plans and subject to the

1

> conditions recommended in the respective reports designated in this subsection, except as otherwise provided in this subsection:
>
> . . . .
>
> ISLAND CREEK BASIN, WEST VIRGINIA
>
> The project for flood control, Island Creek Basin, in and round Logan, West Virginia: Report of the Chief of Engineers dated April 25, 1986, at a total cost of $86,000,000, with an estimated first Federal cost of $62,200,000 and an estimated first non-Federal cost of $23,800,000.

**Id.**

On April 19, 2011, the United States instituted this action with its complaint in condemnation.  Through the exercise of its eminent domain powers, the United States took certain interests in land for purposes of completing a flood control project.

On June 9, 2011, the United States filed its Second Amended Declaration of Taking ("Declaration").  The author of the Declaration, Deputy Assistant Secretary of the Army Joseph F. Calcara, estimated the amount of just compensation for the property as $156,500.  On June 15, 2011, the court directed that the United States' check in that amount be deposited into the registry.  On June 28, 2011, the court entered its Judgment on the Declaration, delivering possession to the United States of

the interests discussed <u>supra</u>.  On September 4, 2012, the court permitted the United States to deposit into the registry the sum of $23,251.93 as additional estimated just compensation.

On August 27, 2013, a jury trial commenced for purposes of determining the amount of just compensation due on the property.  On August 29, 2013, the jury returned its verdict ascertaining the amount of just compensation at $450,917.04.  That same day, the court directed counsel for Sholand and Shorest 1451, LLC, to meet and confer on or before September 20, 2013, to discuss their respective positions concerning the apportionment of the just compensation award.

On October 2, 2013, the court authorized the United States to deposit into the registry the additional sum of $272,325.04 in satisfaction of the Judgment and accrued interest.  Inasmuch as Sholand and Shorest were unable to amicably resolve the matter of apportionment, a briefing schedule was set on the matter, with the final brief arriving November 15, 2013.

In a memorandum opinion and order entered November 26, 2013, the court concluded that Shorest was not entitled to any portion of the just compensation award.  The court additionally

concluded, however, that a nonparty, Sholand, LLC, may be entitled to all or a portion of the award, observing as follows:

> The Prime Lease appears to address apportionment between Sholand and Sholand, LLC, but Sholand, LLC, has not had the opportunity to be heard on those provisions. Depending upon the corporate relationship between Sholand and Sholand, LLC, they may wish to adjust the dispute informally, to the extent any such dispute exists. If not, the court desires to hear from both Sholand and Sholand, LLC, respecting the matter of apportionment between them.

(Memo. Op. and Ord. at 9).

Sholand was directed to consult with the authorized representatives of Sholand, LLC, and inform the court no later than December 13, 2013, of any further proceedings necessary herein. The instant motion followed. The material portion of the motion provides as follows:

> 3. Sholand Properties Group has consulted with authorized representatives of Sholand, LLC, which is the sole managing member of Sholand Properties Group 3, and Sholand, LLC has executed a document entitled "Written Consent of LSF4 Restaurant Holding, LLC as the Sole Member of Sholand, LLC" which relates to the disbursement of the just compensation award, a copy of which is attached hereto as Exhibit A. Attached as Exhibit B is the sworn affidavit of Jeremy R. Frazer, Vice President and custodian of records for Sholand, LLC, attesting to the authenticity of the Written Consent attached as Exhibit A.
>
> 4. By its Written Consent, Sholand, LLC has authorized all proceeds due to Sholand, LLC in the present action (i.e. its share of the just compensation award which has been paid into Court by the United States) to be paid to the client's trust fund of its legal counsel, Waller Lansden Dortch & Davis, LLP, as counsel for Sholand,LLC. See Exhibit A.

> **5. As sole managing member of Sholand Properties Group 3, Sholand, LLC, has also authorized all proceeds due to Sholand Properties Group 3 with regard to the present condemnation action to be paid to the client's trust fund of Waller Lansden Dortch & Davis, LLP, as counsel for Sholand Properties Group 3. Id.**
>
> **6. Accordingly, Sholand Properties Group 3 respectfully requests that the Court enter an Order directing the Clerk of this Court to disburse the entirety of the just compensation award in this matter, $450,917.04, plus interest accrued, if any, to Waller Lansden Dortch & Davis, LLP, as attorneys for Sholand Properties Group 3, LLC and Sholand, LLC, and to mail such check to Thomas H. Peebles, IV, Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219.**

(Mot. at 2).

Inasmuch as the documentation referenced in the motion supports the aforementioned representations, it is ORDERED that the Clerk be, and she hereby is, directed to disburse from the registry the sum of $450,917.04, plus accrued interest, in a check payable to Waller Lansden Dortch & Davis, LLP, as attorneys for Sholand Properties Group 3, LLC, and Sholand, LLC, and to mail such check to Thomas H. Peebles, IV, Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, for immediate deposit into the client trust fund maintained for Sholand Properties Group 3, LLC, by that law firm.

It is further ORDERED that this action be, and hereby is, dismissed and stricken from the docket.

**The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.**

ENTER: December 24, 2013

_____
John T. Copenhaver, Jr.
United States District Judge